# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BIBI ALLI,**

        **Plaintiff,**

v.                             **Case No: 6:24-cv-1475-PGB-EJK**

**RD AMERICA, LLC and**
**RESTAURANT DEPOT, LLC,**

        **Defendants.**

_____/

## ORDER

This cause comes before the Court on Defendant RD America, LLC's ("**Defendant**") Motion for Relief from Court Order on Remand (Doc. 21 (the "**Motion for Reconsideration**")).[1] Plaintiff Bibi Alli ("**Plaintiff**") responded in opposition. (Doc. 23). Upon consideration, the Motion for Reconsideration is due to be denied.

## I.    BACKGROUND

Although initially filed in state court (Doc. 1-1), Defendant removed the instant action to this Court on August 12, 2024 (Doc. 1). The Amended Complaint alleges a sole cause of action against Defendant for negligence. (Doc. 1-1).[2] Plaintiff

---

[1] Defendant RD America, LLC, indicates that Plaintiff dismissed Restaurant Depot, LLC, prior to the removal of the instant action to this Court. (Doc. 21, p. 1). As such, the Court will reference RD America, LLC, as the sole Defendant.

[2] The Court notes that the Amended Complaint also included a count for negligence against Restaurant Depot, LLC. (Doc. 1-1). However, as previously stated, it appears Restaurant

later moved to remand the case, asserting untimely removal. (Doc. 18 (the "**Motion to Remand**")). Defendant did not timely respond, and thus, the Court treated the Motion to Remand as unopposed. (Doc. 20); *see* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Accordingly, the Court granted the Motion to Remand, remanding the case to the Ninth Judicial Circuit in and for Orange County, Florida for further proceedings. (Doc. 20). Thereafter, Defendant moved the Court to reconsider its Order granting remand. (Doc. 21).[3] Plaintiff responded in opposition (Doc. 23), and the matter is now ripe for review.

## II.   DISCUSSION

Defendant requests relief from this Court's prior Order remanding the case pursuant to Federal Rule of Civil Procedure 60(b)(1). (Doc. 21).[4] However, "[w]hen, within thirty days of the notice of removal, the plaintiff moves to remand based on the untimeliness of the removal and the district court grants the motion, the remand order is unreviewable." *Rudy v. Best Elec. Air Conditioning & Plumbing LLC*, No. 6:24-CV-1231-JSS-LHP, 2024 WL 4045600, at *1 (M.D. Fla.

---

Depot, LLC, was dismissed from this lawsuit prior to the case being removed to this Court. (*See* Docs. 21, 24). As such, one cause of action remains.

[3]   At the same time, Defendant also filed its untimely response to Plaintiff's Motion to Remand—without leave of Court. (Doc. 22).

[4]   Specifically, Defendant argues that its failure to respond to Plaintiff's Motion for Remand in a timely manner boils down to "an inadvertent calendaring error and miscommunication between counsel and counsel's staff." (Doc. 21, p. 2). Consequently, Defendant argues that its conduct equates to excusable neglect. (*Id.*).

Aug. 2, 2024) (citing *Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1160 (11th Cir. 2021)).[5]

Simply put, 28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except" under limited circumstances not applicable here.[6] 28 U.S.C. § 1447(d). The Supreme Court has further clarified "that § 1447(d) applies 'only [to] remands based on grounds specified in § 1447(c).'" *Shipley*, 996 F.3d at 1159. Section 1447(c) provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The Eleventh Circuit "interpreted this language to mean that a remand order pursuant to § 1447(c) must be 'openly based' on (1) lack of subject matter jurisdiction, or (2) 'a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure.'" *Shipley*, 996 F.3d at 1160 (quoting *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997)). If so, "'review [of the remand order] . . . is foreclosed under §

---

[5] In any event, the Eleventh Circuit has made clear that "'[a]ttorney negligence or oversight is rarely grounds for relief' under the Rule 60(b) provision for excusable neglect." *Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110, 112 (M.D. Fla. 1997) (quoting *United States v. Real Prop. & Residence*, 920 F.2d 788, 792 (11th Cir. 1991)); *Solaroll Shade & Shutter Corp., Inc. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect.").

[6] The exceptions mostly involve suits implicating civil rights or actions against federal officers or agencies. *See* 28 U.S.C. §§ 1442–43.

1447(d) even if the district court erred' in making that determination." *In re Myers*, No. 23-11906, 2025 WL 39995, at *3 (11th Cir. Jan. 7, 2025).

Here, after Defendant failed to timely respond, the Court granted Plaintiff's Motion to Remand, which was based on a request to remand the case for a defect in the removal procedure—specifically, removal being untimely. (Doc. 18); *see, e.g.*, *Shipley*, 996 F.3d at 1159–60; *Diodato v. Lucky*, No. 6:24-CV-682-JSS-LHP, 2024 WL 2724223, at *1 (M.D. Fla. May 28, 2024) (following defendants' untimely response to plaintiff's motion to remand, the court granted the motion to remand based on lack of subject matter jurisdiction and thus, "was precluded by 28 U.S.C. § 1447(d) from reviewing that order as it lacks jurisdiction over this case").

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 23, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4